## *In re* KINNE, Bankrupt.

(*District Court, D. New Jersey.* December 6, 1880.)

1. BANKRUPTCY — SECURED CREDITOR — PROPERTY SOLD SUBJECT TO MORTGAGE—REV. ST. § 5075.—A creditor may prove his debt as unsecured, and consent to the discharge of the bankrupt, where the property of the debtor, after being mortgaged for the debt, was subsequently sold under an execution subject to such mortgage.—[ED.

In Bankruptcy.

On Specifications against Discharge.

NIXON, D. J. Several specifications have been filed against the discharge of the bankrupt in this case, but they all seem to grow out of or revolve around one transaction, to-wit: the proof of a secured debt by one of the consenting creditors without surrender of the security. The facts were these: One Michael Van Iderstine, in the month of November, 1872, sold to the bankrupt a tract of land in the city of Paterson, and accepted his bond for $5,000, a portion of the consideration money, the payment of which was secured by a mortgage upon the premises purchased. The property was subsequently sold by the sheriff of the county of Passaic as the property of the bankrupt, upon executions issued upon two judgments against him, but sold subject to the above-recited mortgage. Cornelius Hardenburgh became the purchaser, and received from a sheriff a deed for the premises on the twenty-fourth of November, 1877, and has since been the owner. Michael Van Iderstine departing this life, Tennis Van Iderstine became the acting executor of the estate, and held the said bond of the bankrupt, secured by the real estate of Hardenburgh. He made no surrender of the mortgage, but proved his bond as the unsecured debt of the bankrupt, and afterwards signed a power of attorney, authorizing the attorney named to consent to the discharge of the bankrupt for the payment of his debts.

The single question presented is whether the holding of security for a debt, on property not owned by the bankrupt, prevents the creditor from proving his debt as unsecured and

from consenting to the discharge. It would seem that there ought not to be any difficulty or doubt about such a question. It has been settled for a long time. The creditor holds the bond of the bankrupt as an evidence of the bankrupt's indebtedness to him. The only security which the act requires him to surrender, before he proves his claim in order to participate in the dividends of the estate, is a "mortgage or pledge of real or personal property of the *bankrupt.*" See section 5075, U. S. Rev. St. He may retain whatever other security he is fortunate enough to have, and may look to and exhaust all the sources of payment which he holds, until his claim is fully satisfied. Such was the *dictum* of Lord Chancellor Hardwick, in 1743, in *Ex parte Bennett,* 2 Atk. 527; and such has been the uniform ruling of the English and American courts in bankruptcy cases from that day to this. *Ex parte Parr,* 18 Ves. 65; *English* v. *Braley,* 2 Bos. & Pul. 62; *In re Babcock,* 3 Story, 393; *In re Cram,* 1 N. B. R. 504; *In re Dunkerson,* 4 Biss. 253; *In re Anderson,* 12 N. B. R. 502.

The bankrupt is entitled to his discharge.